UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CR 03 CDP-2 |
| | ) | |
| KEENAN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On September 9, 2015, I sentenced defendant Keenan Thomas to 188

months' imprisonment following his plea of guilty to one count of being a felon in

possession of a firearm and one count of being a felon in possession of

ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He has now filed a

second motion seeking a reduction in sentence under the First Step Act, 18 U.S.C.

§ 3582(c)(1)(A), in which he appears to assert that because of a change in the law,

he would be subject to a lesser sentence if he were convicted today of these

offenses.[1]  He does not particularly identify the change to which he claims he is

entitled.

In 2018, Congress enacted the First Step Act, which made certain provisions

---

[1] Thomas's first motion under the First Step Act was based on his concerns about being
incarcerated during the COVID-19 pandemic.  I denied that motion in June 2021.

of the Fair Sentencing Act of 2010 retroactive for those convicted of covered offenses.  Thomas was sentenced under the provisions of 18 U.S.C. §§ 922(g)(1) and 924(e), neither of which are covered offenses for purposes of retroactive application of the Act.  Nor do any recent changes to the sentencing structure under the Armed Career Criminal Act (ACCA) apply to Thomas's sentence here. Although Thomas was deemed an armed career criminal because of his prior convictions, I did not enhance his sentence under the ACCA because his offense level was already above the ACCA provision before any Chapter Four enhancements were to be considered.  Because the ACCA played no role in Thomas's sentence, any subsequent change in the law governing ACCA sentences does not afford Thomas any relief from his sentence.

Moreover, "a non-retroactive change in the law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).  "The views of a present-day Congress . . . about the appropriate punishment for a present-day offense do not establish an 'extraordinary and compelling reason' for reducing a sentence imposed years ago." *Id*.  Accordingly, to the extent Thomas's motion can be read to request that I consider a non-retroactive change in the law governing his sentence, this request is foreclosed by *Crandall* and I must deny his motion for

reduction in sentence to the extent it is based on this argument.

Nor does Thomas's reassertion of his concerns regarding COVID-19, his continued imprisonment during the pandemic, or the nature of his imprisonment based on his sentence change my earlier conclusion that given the seriousness of his crime, his extensive criminal history that included crimes of violence, and that he was on parole when he committed the offenses in this case, he has not shown that he is not a danger to the community if released early or that the factors listed in 18 U.S.C. § 3553(a) favor a reduction in sentence or early release.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Keenan Thomas's second motion for compassionate release [174] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of the Federal Public Defender to withdraw as counsel [175] is **GRANTED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31 day of March, 2022.

- 3 -