UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CR 03 CDP-2 |
| | ) | |
| KEENAN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before me on defendant Keenan Thomas's motion to reduce his sentence under U.S.S.G. Amendment 821 and the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Thomas also challenges his conviction and sentence with claims of ineffective assistance of counsel. For the following reasons, I will deny the motion.

In 2015, Thomas pled guilty to one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). Given that Thomas had more than three prior convictions for a violent felony, he was subject to a mandatory minimum sentence of 15 years on each count. 18 U.S.C. § 924(e)(1). With a total offense level of 32 and criminal history category of V, the guideline sentencing range for Thomas's offenses was 188-235 months. I sentenced him to concurrent terms of 188 months'

imprisonment, to be served consecutively to the state-court sentences he was then serving.

Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

In his motion, Thomas invokes the First Step Act and asks that I reduce his 188-month sentence because his youth, childhood trauma, substance abuse, mental health, learning disabilities, and related diminished capacity all contributed to his committing the offenses that gave rise to his conviction.  He also argues that disparity in sentencing, his need to be home to care for his family, and his efforts at rehabilitation warrant a reduced sentence.  This motion marks the third time Thomas has requested compassionate release under the First Step Act.[1]

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  No such extraordinary and compelling reasons exist here.

To the extent Thomas contends that his personal characteristics that existed at the time of his offense warrant a reduction in sentence now, the Final

---

[1] Thomas filed his first two motions in December 2020 and March 2022.  They were both denied.  (ECF 168, ECF 176.)

Presentence Investigation Report addressed those characteristics, and I took them into consideration when determining Thomas's sentence. (*See* ECF 94.) Thomas's current argument does not persuade me that his sentence should be reduced based on those same considerations.

Thomas also argues that his sentence must be reduced to avoid disparities in sentencing, and he cites lesser sentences imposed on various defendants whom he claims committed the same offense. At Thomas's sentencing, I considered the need to avoid unwarranted sentencing disparities, and I set out the reasons why the sentence here was warranted in the circumstances of Thomas's criminal history and involvement in this case:

> I also simply believe that this is a really serious crime. I share the Government's concern about this number of firearms out on the street, and the intent of this crime was to get a whole lot of guns and put them on the streets in order for people to do violent things. That's why you would steal these guns and then put them out in the community wherever they went. So I think it's a very serious crime, and it's important the Defendant receive a serious sentence to reflect that. I also am concerned that his prior term in the Department of Corrections did not deter him from then getting involved back in this kind of serious conflict not that long after he had gotten out of prison. So even though he's young, the public needs to be protected, and so I think that's appropriate.

(ECF 154, Sent. Tr. at pp. 20-21 (cleaned up).) As stated above, Thomas's extensive history of violent offenses subjected him to a 15-year mandatory minimum sentence, and Thomas presents nothing showing that the referenced defendants have similar records or are otherwise similarly situated in all relevant

respects.  *See United States v. Bandstra*, 999 F.3d 1099, 1102 (8th Cir. 2021).

Thomas also argues that his wife has lupus and needs him at home to help her and their four children when her condition flares.  There is no indication, however, that Thomas's wife or children are without caregivers or that his physical presence is required, especially given that Thomas also indicates that his in-laws – presumably his wife's family – provide support.

Finally, to the extent Thomas asserts that his earning his GED and participating in drug education, anger management, and other classes warrant a reduced sentence, such rehabilitation efforts cannot, standing alone, constitute the basis for compassionate release.  *See Hill v. United States*, 2023 WL 4479356, at *3 (W.D. Ark. June 23, 2023); U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

I will deny Thomas's motion for compassionate release.

Ineffective Assistance of Counsel

Thomas raises various claims of ineffective assistance of counsel, challenging the voluntariness of his guilty plea and the legality of his sentence. The recourse for such claims, however, is to pursue a motion for post-conviction relief under 28 U.S.C. § 2255, not incorporation of the claims in a motion for

compassionate release.  *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).  Otherwise, "prisoners would, in effect, 'impermissibly circumvent' the procedural limitations Congress designed for § 2255 motions." *United States v. James*, No. 13-20669, 2021 WL 2012783, at *3 (E.D. Mich. May 20, 2021) (quoting *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014)).  "Failure to construe such requests for compassionate release as successive § 2255 motions would risk making statutory limitations on successive § 2255 irrelevant and unnecessary." *Id.  See also United States v. Callahan*, 488 F. Supp. 3d 10, 16 (E.D.N.Y. 2020) ("the newly-expanded right to seek compassionate release in extraordinary circumstances cannot be reduced to a vehicle for mere reconsideration of a sentence."), *vacated and remanded on other grounds sub nom. United States v. Manson*, No. 20-3401, 2021 WL 1330979 (2d Cir. Apr. 6, 2021).[2]

I will therefore not consider Thomas's claims of ineffective assistance of counsel as they are not properly raised in this motion.

U.S.S.G. Amendment 821

At the time of sentencing, Thomas's criminal convictions resulted in a subtotal criminal history score of 8.  Because Thomas committed the current

---

[2] Thomas filed a § 2255 motion to vacate in 2018, which was denied as untimely filed.  *See* Case No. 4:18CV2011 CDP (E.D. Mo. Dec. 21, 2018) (ECF 5, Memo. & Order).  In August 2024, the Eighth Circuit denied Thomas leave to file a successive habeas petition.  *See* Case No. 4:20CV108 CDP (E.D. Mo. Aug. 30, 2024) (ECF 14, USCA Jmt.).

offense while under a criminal justice sentence, an additional 2 points were added, resulting in a total criminal history score of 10.  Under Part A of Amendment 821, however, defendants who committed their offense while under a criminal justice sentence, and who were assessed 7 or more criminal history points, receive 1 additional criminal history point instead of 2.  U.S.S.G. § 4A1.1(e) (2023).  Accordingly, with Amendment 821, Thomas would have 9 criminal history points and not 10, which places him in criminal history category IV and not V.  For a defendant with a total offense level of 32 and a criminal history category of IV, the guideline range is 168-210 months.

Even though applying Amendment 821 to Thomas's sentence calculation results in an amended guideline range of 168-210 months, Thomas nevertheless remains subject to the 15-year mandatory minimum sentence (*i.e.*, 180 months) for his convictions, and his current 188-month sentence falls squarely within the amended guideline range.  Given Thomas's criminal conduct, the serious nature of his offense, and his committing the offense while on parole supervision for several other serious offenses, I continue to believe that the current sentence of 188 months is appropriate.  Moreover, the sentence promotes respect for the law and provides just punishment for the offense.

I will deny Thomas's request for sentence reduction under Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Keenan Thomas's Motion for Reduction in Sentence [189] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2024.